# UNITED STATES DISTRICT COURT
# DISTRICT OF WYOMING

| | |
|---|---|
| ROBERT ALLEN HARVEY and ELAINE HARVEY,<br>     Plaintiffs,<br><br>vs.<br><br>HALLIBURTON ENERGY SERVICES, INC.,<br>     Defendant. | Civil Action No. 19-cv-27 |

## DECLARATION OF MELINDA MINER

Pursuant to 28 U.S.C. § 1746, I, Melinda Miner, voluntarily give this statement based upon personal knowledge and declare under penalty of perjury and the laws of the United States that the following is true and correct:

1.     I am over 18 years of age, suffer no legal disabilities, and am otherwise competent to make this declaration.  I have personal knowledge of the facts stated herein and they are all true and correct to the best of my knowledge.

2.     I am currently the Managing Corporate Ombudsman of the Dispute Resolution Plan ("DRP") for Halliburton Energy Services, Inc. ("Halliburton").  I have been employed by Halliburton since November 1988.

3.     As a multi-national corporation, Halliburton provides a full range of products, services, and integrated solutions for oil and gas exploration, development, and production.

4.     Halliburton operates facilities in every state and numerous countries, serving people from inside and outside Wyoming, utilizing interstate mail and travel systems, and recruiting and advertising outside Wyoming.

5. As a result, Halliburton's employees have a far-flung network of company resources which they can and do access across state and country lines.

6. In 1993, Halliburton implemented a dispute resolution program, requiring all of its employees in the United States, as a term and condition of employment, to resolve disputes arising out of their employment through the program and providing for mandatory arbitration of most legal claims. Attached hereto as **Exhibit A-1** is a true and correct copy of the current DRP.

7. Thereafter, Halliburton periodically sent reminders about the DRP to its employees along with updated versions of the DRP.

   a. Attached hereto as **Exhibit A-2** is a true and correct copy of the DRP Notice sent to all of Halliburton's employees in the United States in 1999.

   b. Attached hereto as **Exhibit A-3** is a true and correct copy of the DRP Notice sent to all of Halliburton's employees in the United States in 2009.

   c. Attached hereto as **Exhibit A-4** is a true and correct copy of the DRP Notice sent to all of Halliburton's employees in the United States in 2011.

   d. Attached hereto as **Exhibit A-5** is a true and correct copy of the DRP Notice sent to all of Halliburton's employees in the United States in 2012.

   e. Attached hereto as **Exhibit A-6** is a true and correct copy of the DRP Notice sent to all of Halliburton's employees in the United States in 2015. Although the letter is dated December 2014, Halliburton sent the mail outs in groups over a few weeks period. Mr. Harvey's mail out occurred in January 2015.

8. Attached hereto as **Exhibit A-7** are true and correct copies of spreadsheets which demonstrate that Halliburton sent Robert Allen Harvey the DRP Notices to his home address of 792 Garfield Avenue, Lovell WY 82431.

9. A review of Mr. Harvey's personnel records confirmed that his home address remained the same throughout his employment with Halliburton. Indeed, attached hereto as **Exhibit A-8** is a letter from Mr. Harvey on March 21, 2016 reflecting his home address of 792 Garfield Avenue, Lovell WY 82431.

EXECUTED on this the 5th day of February, 2019

*Melinda Mier* (signature)