

the road to resolution

# plan
# and rules

## 866.99RESOLVE

# PLAN AND RULES

Este folleto contiene información importante sobre su empleo. Cada empleado debe leerlo y familiarizarse con su contenido. Para obtener una versión de este documento en español, llámenos al 281.575.4500 ó 866.997.3765.

**Exhibit A-1 Page 2 of 30**

**PLAN AND RULES**

## The Halliburton
## Dispute Resolution Plan and Rules

### 1. Purpose and Construction

The Plan is designed to provide a program for the quick, fair, accessible and inexpensive resolution of all Disputes, as defined hereafter, between the Company and the Company's present and former Employees and Applicants for employment, including those related to or arising out of a current, former or potential employment relationship with the Company. The Plan is intended to create an exclusive procedural mechanism for the final resolution of all Disputes falling within its terms. It is not intended either to abridge or enlarge substantive rights available under applicable law. The Plan is a contract but does not modify the "at will" relationship between the Company and its Employees. The Plan should be interpreted in accordance with these purposes.

### 2. Definitions

Unless the context clearly indicates the contrary, capitalized terms used herein shall have the meaning ascribed to them in the DRP, or, if not defined therein, the meaning ascribed below:

A. "AAA" means the American Arbitration Association.

B. "JAMS" means Judicial Arbitration and Mediation Services.

C. The "Act" means the Federal Arbitration Act, 9 U.S.C. § 1, et seq., as amended from time to time.

D. "Company" means Sponsor and every subsidiary (first tier and downstream) of Sponsor, any Electing Entity, any entity or person alleged to have joint and several liability concerning any Dispute, and all of their directors, officers, employees and agents, every plan of benefits, whether or not tax-exempt, established or maintained by any such entity, the fiduciaries, agents and employees of all such plans, and the

*1*

Exhibit A-1 Page 3 of 30

**PLAN AND RULES**

successors and assigns of all such entities, plans and persons; provided, however, that in the case of an Electing Entity, "Company" shall include the Electing Entity only to the extent provided in the Electing Entity's agreement to be bound by the Plan.

E. "Dispute" means all legal and equitable claims, demands, and controversies, of whatever nature or kind, whether in contract, tort, under statute or regulation, or some other law, between persons bound by the Plan or by an agreement to resolve Disputes under the Plan, or between a person bound by the Plan and a person or entity otherwise entitled to its benefits, including, but not limited to, any matters with respect to:

1. This Plan;

2. The employment or potential re-employment of an Employee, including the terms, conditions or termination of such employment with the Company;

3. Employee benefits or incidents of employment with the Company;

4. Any other matter related to or concerning the relationship between the Employee and the Company including, by way of example and without limitation, allegations of discrimination based on race, sex, religion, national origin, age, veteran status or disability; sexual or other kinds of harassment; wrongful discharge; worker's compensation retaliation; defamation; infliction of emotional distress; failure to pay wages; or status, claim or membership with regard to any employee benefit plan;

5. An Applicant's application for employment and the Company's actions and decisions regarding such application;

6. Any prior resolution or settlement of a Dispute between Parties subject to the Plan; and

*2*

**Exhibit A-1 Page 4 of 30**

## PLAN AND RULES

    7. Any personal injury or death allegedly incurred in or about a Company workplace or on Company time.

F. "Dispute" includes all such matters regardless of when the events on which they are based occurred, including matters based on events occurring before the Employee became subject to this Plan (so long as such Disputes were not previously asserted in a judicial forum) or after termination of the employment relationship.

G. "Electing Entity" means any legal entity which has agreed to be bound by the Plan as provided herein.

H. "Employee" means any person who is or has been in the employment of the Company on or after the effective date of this Plan, whether or not employed at the time a claim is brought with respect to a Dispute, residing in the United States, or otherwise subject to the laws of the United States or any state, municipality or other political subdivision of the United States.

I. "Applicant" means any person who is seeking or has sought employment with the Company after the effective date of this Plan.

J. "Party" means, with respect to a particular Dispute, affected persons and/or entities bound by this Plan.

K. "Plan" means this Halliburton Dispute Resolution Plan, as amended from time to time.

L. "Rules" means the Halliburton Dispute Resolution Rules, as amended from time to time, which are applicable to mediation and arbitration.

M. "Sponsor" means The Halliburton Company, a Delaware Corporation.

**3. Name, Application and Coverage**

A. The Plan shall be referred to as the "Halliburton Dispute Resolution Plan."

*3*

### Exhibit A-1 Page 5 of 30

### PLAN AND RULES

Alternatively, it may be referred to as the "Halliburton Dispute Resolution Program" or the "Dispute Resolution Program."

B.  Until revoked by Sponsor pursuant to this Plan, this Plan applies to and binds the Company, each Employee and Applicant and the estate, heirs, beneficiaries and assigns of any such person or entity; provided, however, that this Plan shall not apply to any Employee in a unit of Employees represented by a labor organization, or to the Company with respect to such Employees, except to the extent permitted in an applicable collective bargaining agreement or lawfully imposed by the Company when no collective bargaining agreement is in effect.

C.  This Program inures to the benefit of, and is intended to be for the benefit of the Company's clients, customers, contractors and vendors, who are intended third-party beneficiaries of this Dispute Resolution Plan. The mandatory arbitration provisions of this Plan shall be applicable to all Disputes between Employees and the Company's clients, customers, contractors and vendors, who shall have the right to enforce those provisions of the Plan.

D.  Except as provided for herein, this Plan applies to any Dispute.

E.  Notwithstanding anything to the contrary in this Plan, the Plan does not apply to claims for worker's compensation benefits, unemployment compensation benefits, or any other claim that, as a matter of law, cannot be arbitrated.

F.  Mediation and arbitration are only available for Disputes involving legally protected rights.

G.  Notwithstanding any other provision hereof, any court with jurisdiction over the Parties may issue any injunctive orders (including

*4*

Exhibit A-1 Page 6 of 30

preliminary injunctions) if the necessary legal and equitable requirements under applicable law are met, pending the institution or completion of proceedings under the Plan.

4. **Resolution of Disputes**

   A. All Disputes not otherwise settled by the Parties shall be finally and conclusively resolved through arbitration under this Plan and the Rules, instead of through trial before a court.

   B. (i) Each Dispute shall be arbitrated on an individual basis. Neither the Company nor any Employee or Applicant may pursue any Dispute on a class action, collective action or consolidated basis or in a representative capacity on behalf of other persons or entities who are claimed to be similarly situated, or participate as a class member in such a proceeding. The arbitrator in any proceeding under this Plan shall have no authority to conduct the matter as a consolidated, class or collective action.

   (ii) If the procedural limitation in subparagraph B(i) of this section is held unenforceable by a court in a proceeding in which a party seeks to pursue a class or collective action or otherwise act in a representative capacity, then this Plan shall not apply with respect to that class or representative action which shall proceed instead before the court. If the court, however, ultimately denies the party's request to proceed on a class, collective or representative basis, then the party's individual claim(s) shall be subject to this Plan and referable to arbitration pursuant to its terms.

5. **Confidentiality and Non-Retaliation**

   A. The Dispute Resolution Program ("Program"), its Administrator, any subordinate administrators, the staff of the Program and any other person conducting

*5*

Exhibit A-1 Page 7 of 30

conferences or serving as an impartial Third Party on behalf of the Program in any in-house Dispute Resolution process conducted under the auspices of the Program, will hold matters reported under the Program and related communications in confidence, in keeping with the Standards of Practice and the Code of Ethics of the International Ombudsman Association. The Code of Ethics and the Standards of Practice of the International Ombudsman Association are incorporated into this Plan by reference and appended.

For purposes of requests by or subpoenas from any Party that the Plan Administrator or any subordinate administrators, or any member of the staff of the Program or person conducting conferences or serving as an impartial third party on behalf of the Program in any in-house Dispute Resolution process conducted under the auspices of the Program, provide testimony in any internal or external investigation, administrative hearing, or arbitration or litigation proceeding, the confidentiality standards described in this section attach to the Dispute Resolution Program, rather than any individual disputant. This means that only the Program, rather than any individual disputant, may waive confidentiality, and the Program may only waive confidentiality, even upon request or subpoena by a disputant, under circumstances consistent with the Code of Ethics and Standards of Practice of the International Ombudsman Association.

B.  No Employee shall be subject to any form of discipline or retaliation with respect to terms and conditions of employment for initiating or participating in good faith in any process or proceeding under this Plan.

**6. Amendment**

A.  This Plan may be amended by Sponsor at any time by giving at least 30 days' notice to current Employees. However, no amendment

*6*

Exhibit A-1 Page 8 of 30

## PLAN AND RULES

shall apply to a Dispute that arose prior to the effective date of the amendment.

B.  Sponsor may amend the Rules at any time by serving notice of the amendments on AAA and JAMS. However, no amendment of the Rules shall apply to a Dispute that arose prior to the effective date of the amendment.

### 7. Termination

This Plan may be terminated by the Sponsor at any time by giving at least 30 days' notice of termination to current Employees. However, termination shall not be effective as to Disputes that arose prior to the effective date of termination.

### 8. Applicable Law

A.  The Act shall apply to this Plan, the Rules and any proceedings under the Plan or the Rules, including any actions to compel, enforce, vacate or confirm proceedings, awards, orders of an arbitrator, or settlements under the Plan or the Rules. The applicability of the Act (i) shall not depend on a determination that the relationship between an Employee or Applicant and the Company involves commerce and (ii) shall not be affected by a determination that any exemption or exclusionary provision of the Act (including that concerning foreign or interstate transportation workers) applies to such relationship.

B.  The substantive legal rights, remedies and defenses of all Parties are preserved. In the case of arbitration, the arbitrator shall have the authority to determine the applicable law and to order any and all relief, legal or equitable, including punitive damages, which a Party could obtain from a court of competent jurisdiction on the basis of the claims made in the proceeding.

C.  The Plan shall not be construed to grant additional substantive, legal, or contractual rights, remedies or defenses which would not be applied by a court of competent

*7*

### Exhibit A-1 Page 9 of 30

jurisdiction in the absence of the Plan unless expressly authorized by these provisions.

D.  Notwithstanding the provisions of the preceding subsection, in any proceeding before an arbitrator, the arbitrator, in the arbitrator's discretion, may allow a prevailing Employee or Applicant reasonable attorney's fees, expert witness' fees, and other costs which may be allowable under the Federal Rules of Civil Procedure as part of the award. The discretion to allow an award of fees under this subsection is in addition to any discretion, right or power which the arbitrator may have under applicable law. However, any award of fees shall be reduced by any amounts which have been or will be paid by the Halliburton Employee Legal Consultation Plan.

### 9. Administrative Proceedings

A.  This Plan does not limit any person's right to file an administrative complaint or charge with, or to participate in the investigation of an administrative complaint or charge by, any governmental agency (e.g., this Plan does not limit a person's right to file a charge with the Equal Employment Opportunity Commission or National Labor Relations Board).

B.  Participation in any administrative or judicial proceeding by the Company shall not affect the applicability of the Plan to any such Dispute during or upon termination of the administrative or judicial proceedings. A finding, recommendation or decision by an administrative body on the merits of a Dispute shall have the same legal weight or effect under the Plan as it would in a court of competent jurisdiction.

### 10. Exclusive Remedy

Proceedings under the Plan, including arbitration, shall be the exclusive, final and binding method by which Disputes are resolved.

Exhibit A-1 Page 10 of 30

## PLAN AND RULES

### 11. Electing Entities

A.  Corporations or other legal entities, not otherwise Parties, may elect to be bound by this Plan by written agreement with Sponsor.

B.  Election may be made only as to some types of Disputes, or only as to some persons, in the discretion of Electing Entity.

### 12. Effective Date

The original effective date of this Plan was June 15, 1993. Its effective date as amended shall be thirty (30) days following notice of the most recent amendments to current employees.

### 13. Severability

The terms of this Plan and the Rules are severable. The invalidity or unenforceability of any provision herein shall not affect the application of any other provision. Where possible, consistent with the purposes of the Plan, any otherwise invalid provision of the Plan or the Rules may be reformed and, as reformed, enforced.

### 14. Administration

Sponsor shall appoint one or more persons to administer the Plan who shall be known as the "Dispute Resolution Plan Administrator." The Dispute Resolution Plan Administrator shall be responsible for the management and administration of the Plan.

### 15. Assent

Employment or continued employment after the Effective Date of this Plan constitutes consent by both the Employee and the Company to be bound by this Plan, both during the employment and after termination of employment. Submission of an application, regardless of form, for employment constitutes consent by both the Applicant and the Company to be bound by this Plan.

Exhibit A-1 Page 11 of 30

**PLAN AND RULES**

## HALLIBURTON DISPUTE RESOLUTION RULES

#### 1. Definitions

All definitions included in the Halliburton Dispute Resolution Plan apply to these Rules.

#### 2. Application

A. If different rules are applicable to a specific class of Disputes, and have been adopted by Sponsor and served on AAA or JAMS, these Rules shall not apply to such class of Disputes.

B. These Rules apply in the form existing at the time proceedings are initiated under them.

C. To the extent consistent with these Rules, the Employment Dispute Resolution Rules of AAA or JAMS, and the Federal Rules of Civil Procedure, also apply to all proceedings governed by these Rules.

#### 3. Initiation of the Process

A. A Party may initiate proceedings under these Rules at any time, subject to any defenses including those applicable to the timeliness of the claim, including limitations and laches.

B. While either Party to a Dispute shall have the right to initiate arbitration proceedings, the Party seeking monetary or other affirmative relief shall have the obligation to do so for all purposes, including limitations and laches.

C. A Party may initiate proceedings by serving a written request to initiate proceedings on AAA or JAMS and tendering the appropriate administrative fee.

D. Copies of the request shall be served on all other Parties to the Dispute by AAA or JAMS. The request shall describe the nature of the Dispute, all causes of action asserted, a

*10*

Exhibit A-1 Page 12 of 30

brief description of the factual basis for each such cause of action, the amount involved, if any, the remedy sought, and the proceeding locale requested.

E. Proceedings may also be initiated by an Employee or Applicant by serving a written request to initiate proceedings to the Company's Dispute Resolution Plan Administrator. In such a case, the Plan Administrator shall forward any properly served request it has received to AAA or JAMS.

F. Parties against whom a claim is asserted shall file an answering statement within 21 days of receiving notice of intent to arbitrate or a specification of claims, which shall include any counterclaims.

### 4. Appointment of Arbitrator

Immediately after payment of the arbitration fee, the Case Manager of AAA or JAMS shall simultaneously send each Party an identical list of at least five (5) names of persons chosen from a panel of qualified arbitrators which AAA or JAMS shall select and maintain and who have been prescreened by the Case Manager for subject matter knowledge and conflicts of interest. The Parties to the Dispute shall have ten (10) calendar days from the transmittal to strike any names objected to, number the remaining names, if any, in order of preference and return the list to the Case Manager. From the persons who have been approved by all Parties, and in accordance with the order of mutual preference, AAA or JAMS shall invite the arbitrator to serve.

If the Parties' selections did not result in a mutually agreeable arbitrator, the Case Manager shall provide each Party with a second list of at least five (5) arbitrator candidates. Within ten (10) calendar days of transmittal of the second strike list, each Party may strike two (2) names, and shall rank the remaining candidates in order of preference. If there is more than one candidate remaining after the Parties strike, the candidate with the highest total ranking by the Parties will become the arbitrator.

## PLAN AND RULES

Any ties will be resolved in the favor of the non-Company Party.

At any time during the selection process, the Parties may mutually agree to the appointment of an arbitrator from the lists provided by AAA or JAMS.

### 5.  Qualifications of the Arbitrator

No person shall serve as an arbitrator in any matter in which that person has any financial or personal interest in the result of the proceeding. No person shall serve as an arbitrator unless he or she is a licensed attorney. Prior to accepting appointment, the prospective arbitrator shall disclose any circumstance likely to prevent a prompt hearing or create a presumption of bias. Upon receipt of such information from the arbitrator or any other source, AAA or JAMS will either disqualify that person or communicate the information to the Parties for comment. Thereafter, AAA or JAMS may disqualify that person, and its decision shall be conclusive.

### 6.  Vacancies

If a vacancy occurs for any reason (including because of disqualification pursuant to Rule 6 above) or if an appointed arbitrator is unable to serve promptly, the appointment procedure in Section 5 shall apply to the selection of a substitute arbitrator.

### 7.  Date, Time and Place of Hearings

   A.  The arbitrator shall set the date, time and place of any proceeding.

   B.  Notice of any hearing shall be given at least ten (10) calendar days in advance, unless the arbitrator determines or the Parties agree that a shorter time is necessary.

   C.  The arbitrator may consider, short of imposing undue expense on the Company, accommodation of the Employee or Applicant in the selection of a proceeding location.

### 8.  Conferences

At the request of AAA or JAMS or of a Party or on

*12*

Exhibit A-1 Page 14 of 30

the initiative of the arbitrator, the arbitrator or AAA
or JAMS may notice and hold conferences for the
discussion and determination of any matter which
will expedite the proceeding, including:

   A.  Venue

   B.  Clarification of issues

   C.  Determination of preliminary issues,
       including summary determination of
       dispositive legal issues

   D.  Summary (i.e., prehearing) determination,
       upon written motion of either Party and after
       opportunity for response by the nonmoving
       Party, of legal issues that dispose of the entire
       Dispute or any aspect of the Dispute

   E.  Discovery

   F.  The time and location of proceedings or
       conferences

   G.  Interim legal or equitable relief authorized by
       applicable law

   H.  Pre- or post-hearing memoranda

   I.  Stipulations and/or

   J.  Any other matter of substance or procedure.

### 9. Mode of Hearings and Conferences

In the discretion of the arbitrator or by agreement
of the Parties, conferences and hearings may be
conducted by telephone or by written submission, as
well as in person.

### 10. Pre-Hearing Discovery

   A.  On any schedule determined by the
       arbitrator, each Party shall submit, in
       advance, the names and addresses of the
       witnesses it intends to produce and any
       documents it intends to present.

   B.  The arbitrator shall have discretion to
       determine the form, amount and frequency of
       discovery by the Parties.

C.  Discovery may take any form permitted by the Federal Rules of Civil Procedure, as amended from time to time, subject to any restrictions imposed by the arbitrator.

### 11. Representation

Any Party may be represented by counsel or by any other authorized representative.

### 12. Attendance at Hearings

The arbitrator shall maintain the privacy of the proceedings to the extent permitted by law. Any person having a direct interest in the matter is entitled to attend the proceedings.

The arbitrator shall otherwise have the power to exclude any witness, other than a Party or other essential person, during the testimony of any other witness. The arbitrator shall determine whether any other person may attend the proceeding. Upon the request of any Party, the arbitrator shall exclude any witness during the testimony of any other witness.

### 13. Postponement

A.  The arbitrator, for good cause shown by a Party, or on agreement of the Parties, shall postpone any proceeding or conference.

B.  The pendency of court proceedings related to the same matter is not good cause for postponement.

### 14. Oaths

Before proceeding with the first hearing, each arbitrator may take an oath of office and, if required by law, shall do so. The arbitrator may require witnesses to testify under oath administered by any duly qualified person and, if required by law or requested by any Party, shall do so.

### 15. Record of Proceedings

Unless otherwise agreed by the parties or ordered by the arbitrator, a record of the hearing on the merits of a Dispute shall be prepared at the expense of the Company which shall furnish a copy to the

*14*

**PLAN AND RULES**

other Parties upon request and the payment of the reasonable cost of reproduction.

### 16. Procedure

The proceedings shall be conducted by the arbitrator in whatever order and manner will most expeditiously permit full presentation of the evidence and arguments of the Parties.

### 17. Arbitration in the Absence of a Party

The arbitrator may proceed in the absence of Parties or representatives who, after due notice, fail to be present or fail to obtain a postponement. An award shall not be made solely on the default of a Party. The arbitrator shall require any Party who is present to submit such evidence as the arbitrator may require for the making of an award.

### 18. Evidence

A. The arbitrator shall be the sole judge of the relevancy, materiality and admissibility of evidence offered. Strict conformity to legal rules of evidence shall not be necessary.

B. The arbitrator may subpoena witnesses or documents at the request of a Party or on the arbitrator's own initiative.

C. The arbitrator may consider the evidence of witnesses by affidavit or declaration, but shall give it only such weight as the arbitrator deems appropriate after consideration of any objection made to its admission.

### 19. Post-Hearing Submissions

All documentary evidence to be considered by the arbitrator shall be filed at the hearing unless the arbitrator finds good cause to permit a post-hearing submission. All Parties shall be afforded an opportunity to examine and comment on any post-hearing evidence. The arbitrator shall permit the filing of post-hearing briefs at the request of a Party and shall determine the procedure and timing of such filings.

Exhibit A-1 Page 17 of 30

**PLAN AND RULES**

### 20. Closing and Reopening of Proceedings

A. When the arbitrator is satisfied that the record is complete, including the submission of any post-hearing briefs or documents permitted by the arbitrator, the arbitrator shall declare the proceeding closed.

B. The proceeding may be reopened on the arbitrator's initiative or upon application of a Party at any time before the award is made.

### 21. Waiver of Procedures

Any Party who fails to object in writing, after knowledge that any provision or requirements of these procedures and Rules have not been complied with, shall be deemed to have waived the right to object.

### 22. Service of Notices and Papers

Any papers, notices, or process necessary or proper for the initiation or continuation of any proceeding under these Rules (including the award of the arbitrator, any court action in connection therewith, or the entry of judgment on an award made under these procedures) may be served on a Party by mail addressed to the Party or his or her representative at the last known address or by personal service. AAA or JAMS, the Parties and the arbitrator may also use facsimile transmission, e-mail or other written forms of electronic communication to give any notices required by these Rules.

### 23. Communications with AAA or JAMS and the Company

A. Any Party may notice, serve or communicate with AAA by contacting:

**American Arbitration Association**
13727 Noel Rd., Dallas, TX 75240
Phone: (972) 774-6958 or (800) 804-8865
Electronic Fax: (855) 267-4082 or
(972) 490-9008

B. Any Party may notice, serve or communicate with JAMS by contacting:

*16*

Exhibit A-1 Page 18 of 30

## PLAN AND RULES

**JAMS**
8401 North Central Expressway, Suite 610
Dallas, TX 75225
Phone: (214) 744-5267 or (800) 352-5267
Fax: (214) 720-6010

C. Any Party may notice, serve or communicate with the Company by contacting:

**Dispute Resolution Program Administrator**
**The Halliburton Company**
3000 N Sam Houston Pkwy E, K138
Houston, TX 77032
(281) 575-4500 or 1.866.99RESOLVE
Fax: (281) 575-4525

The DRP does not represent the Company, however, it will serve as a point of contact to submit official communications.

### 24. Communication with the Arbitrator

There shall be no communication between the Parties and the arbitrator other than at any oral hearings or conferences. Any other oral or written communications from the Parties to the arbitrator shall be directed to AAA or JAMS (and copied to the Parties) for transmission to the arbitrator, unless the Parties and the arbitrator agree otherwise.

### 25. Time of Award

The award shall be promptly made by the arbitrator, unless otherwise agreed by the Parties or specified by applicable law, no later than thirty (30) calendar days from the date of the closing of the proceeding or, if applicable, the closing of a reopened proceeding.

### 26. Form of Award

The award shall be in writing and shall be signed by the arbitrator. The arbitrator shall write a brief statement of the essential findings of fact and conclusions of law on which the award is based. The award shall be executed in any manner required by applicable law.

Exhibit A-1 Page 19 of 30

## PLAN AND RULES

### 27. Modification of Award

On order of a court of competent jurisdiction, or on agreement of the Parties, the arbitrator shall modify any award. The arbitrator may modify an award on the motion of a Party if the arbitrator finds that the award, as rendered, is ambiguous or defective in form, or if the award requires an illegal or impossible act. These are the only circumstances under which an arbitrator shall have jurisdiction to withdraw or modify an award.

### 28. Settlement

If the Parties settle their Dispute during the course of the arbitration, the arbitrator may set out the terms of the settlement in a consent award.

### 29. Scope of Arbitrator's Authority

The arbitrator's authority shall be limited to the resolution of legal Disputes between the Parties. As such, the arbitrator shall be bound by and shall apply applicable law including that related to the allocation of the burden of proof as well as substantive law. The arbitrator shall not have the authority either to abridge or enlarge substantive rights available under applicable law. The arbitrator may also grant emergency or temporary relief which is or would be authorized by applicable law. The arbitrator shall be bound by and shall comply with the provisions of the Plan and Rules.

### 30. Judicial Proceedings and Exclusion of Liability

A. Neither AAA or JAMS nor any arbitrator is a necessary Party in any judicial proceedings relating to proceedings under these Rules.

B. Neither AAA or JAMS nor any arbitrator shall be liable to any Party for any act or omission in connection with any proceedings within the scope of these Rules.

C. Any court with jurisdiction over the Parties may compel a Party to proceed under these Rules at any place and may enforce any award made.

*18*

Exhibit A-1 Page 20 of 30

D.  Parties to these Rules shall be deemed to have consented that judgment upon the award of the arbitrator may be entered and enforced in any federal or state court having jurisdiction over the Parties.

E.  Initiation of, participation in, or removal of a legal proceeding shall not constitute waiver of the right to proceed under these Rules.

F.  Any court with jurisdiction over the Parties may issue any injunctive orders (including preliminary injunctions) if the necessary legal and equitable requirements under applicable law are met pending the institution of proceedings under these Rules.

**31. Fees and Expenses**

A.  The expenses of witnesses shall be borne by the Party producing such witnesses, except as otherwise provided by law or in the award of the arbitrator.

B.  All attorney's fees shall be borne by the Party incurring them except as otherwise provided by law, by the Plan or in the award of the arbitrator.

C.  Discovery costs (e.g., court reporter fees for original transcripts) shall be borne by the Party initiating the discovery. The cost of copies of deposition transcripts or other discovery shall be borne by the Party ordering the copy except as otherwise provided by law or in the award of the arbitrator.

D.  The fees and expenses of experts, consultants and others retained or consulted by a Party shall be borne by the Party utilizing those services, except as otherwise provided by law, by the Plan, or in the award of the arbitrator.

E.  The Employee or Applicant shall pay a $50 fee if he or she initiates arbitration or mediation. Otherwise, Employee/Applicant Parties shall not be responsible for payment of fees and expenses of proceedings under

**Exhibit A-1 Page 21 of 30**

these Rules including required travel of an arbitrator or a mediator, expenses of an arbitrator, mediator, AAA, or JAMS, and the cost of any proof produced at the discretion of an arbitrator.

F. If the demand for mediation or arbitration is initiated by the Company, such fees will be paid by the Company.

G. Except as otherwise provided by law or in the award of the arbitrator, all other expenses, fees and costs of proceedings under these Rules shall be borne equally by the Parties who are not Employees/Applicants.

### 32. Interpretation and Application of These Rules

The arbitrator shall interpret and apply these Rules insofar as they relate to the arbitrator's powers and duties. All other rules shall be interpreted and applied by AAA or JAMS.

### 33. Applicable Law

A. Proceedings under these Rules and any judicial review of awards shall be governed by the Act.

B. Except where otherwise expressly provided in these Rules, the substantive law applied shall be state or federal substantive law which would be applied by a United States District Court sitting at the place of the proceeding.

### 34. Statute of Limitations

A. In the event that the Employee does not file a discrimination charge or other claim with an appropriate administrative agency prior to initiating arbitration, arbitration must be initiated within the applicable deadline for filing an administrative charge or claim in the state where the employee is located.  Failure to do so will bar the claim.

B. If a Party initiates judicial proceedings rather than proceedings under the Program within the time allowed by applicable law for the

*20*

Exhibit A-1 Page 22 of 30

filing of a judicial complaint and thereafter agrees or is ordered by the court to submit the Dispute to arbitration under the Program, the Party must initiate arbitration, in conformance with the Rules, within 60 days of entry of the court's order or the disposition of any immediate appeal of such order, or the time allowed by applicable law for the filing of a judicial complaint, whichever is longer. Failure to do so will bar the claim.

C.  If a Party files a request for mediation within the time allowed by applicable law for the filing of a judicial complaint, the Party must initiate arbitration, in conformance with the Rules, within 90 days of the conclusion of the mediation or the time allowed under the applicable statute of limitations, whichever is longer.  Failure to do so will bar the claim.

### 35. Mediation

At any time before the proceeding is closed, the Parties may agree to mediate their Dispute by notifying AAA or JAMS. AAA or JAMS shall determine what procedures apply to any such mediation.

Exhibit A-1 Page 23 of 30

**PLAN AND RULES**

## APPENDIX

### INTERNATIONAL OMBUDSMAN ASSOCIATION

#### CODE OF ETHICS

**Independence**

The Ombuds is independent in structure, function,
and appearance to the highest degree possible within
the organization.

**Neutrality and Impartiality**

The Ombuds, as a designated neutral, remains
unaligned and impartial. The Ombuds does not
engage in any situation which could create a conflict
of interest.

**Confidentiality**

The Ombuds holds all communications with those
seeking assistance in strict confidence, and does not
disclose confidential communications unless given
permission to do so. The only exception to this
privilege of confidentiality is where there appears to
be imminent risk of serious harm.

**Informality**

The Ombuds, as an informal resource, does
not participate in any formal adjudicative or
administrative procedure related to concerns brought
to his/her attention.

*© International Ombudsman Association*
*Reprinted by permission of the International*
*Ombudsman Association*

Exhibit A-1 Page 24 of 30

**PLAN AND RULES**

## INTERNATIONAL OMBUDSMAN ASSOCIATION

### STANDARDS OF PRACTICE

**February 2006**

**Independence**

    1.1 The Ombuds Office and the Ombuds are independent from other organizational entities.

    1.2 The Ombuds holds no other position within the organization which might compromise independence.

    1.3 The Ombuds exercises sole discretion over whether or how to act regarding an individual's concern, a trend or concerns of multiple individuals over time. The Ombuds may also initiate action on a concern identified through the Ombuds' direct observation.

    1.4 The Ombuds has access to all information and all individuals in the organization, as permitted by law.

    1.5 The Ombuds has authority to select Ombuds Office staff and manage Ombuds Office budget and operations.

**Neutrality and Impartiality**

    2.1 The Ombuds is neutral, impartial, and unaligned.

    2.2 The Ombuds strives for impartiality, fairness and objectivity in the treatment of people and the consideration of issues. The Ombuds advocates for fair and equitably administered processes and does not advocate on behalf of any individual within the organization.

    2.3 The Ombuds is a designated neutral reporting to the highest possible level of the organization and operating independent of ordinary line and staff structures. The Ombuds should not report to nor be

*23*

**Exhibit A-1 Page 25 of 30**

structurally affiliated with any compliance function of the organization.

2.4 The Ombuds serves in no additional role within the organization which would compromise the Ombuds' neutrality. The Ombuds should not be aligned with any formal or informal associations within the organization in a way that might create actual or perceived conflicts of interest for the Ombuds. The Ombuds should have no personal interest or stake in, and incur no gain or loss from, the outcome of an issue.

2.5 The Ombuds has a responsibility to consider the legitimate concerns and interests of all individuals affected by the matter under consideration.

2.6 The Ombuds helps develop a range of responsible options to resolve problems and facilitate discussion to identify the best options.

**Confidentiality**

3.1 The Ombuds holds all communications with those seeking assistance in strict confidence and takes all reasonable steps to safeguard confidentiality, including the following: The Ombuds does not disclose confidential communications unless given permission to do so in the course of informal discussions with the Ombuds, and even then at the sole discretion of the Ombuds; the Ombuds does not reveal, and must not be required to reveal, the identity of any individual contacting the Ombuds Office, nor does the Ombuds reveal information provided in confidence that could lead to the identification of any individual contacting the Ombuds Office, without that individual's express permission; the Ombuds takes specific action related to an individual's issue only with the individual's express permission and only to the extent permitted, unless such action can be taken in a way that safeguards the identity of the individual contacting the Ombuds Office.

Exhibit A-1 Page 26 of 30

The only exception to this privilege of confidentiality is where there appears to be imminent risk of serious harm, and where there is no other reasonable option. Whether this risk exists is a determination to be made by the Ombuds.

3.2 Communications between the Ombuds and others (made while the Ombuds is serving in that capacity) are considered privileged. The privilege belongs to the Ombuds and the Ombuds Office, rather than to any party to an issue. Others cannot waive this privilege.

3.3 The Ombuds does not testify in any formal process inside the organization and resists testifying in any formal process outside of the organization, even if given permission or requested to do so.

3.4 If the Ombuds pursues an issue systemically (e.g., provides feedback on trends, issues, policies and practices) the Ombuds does so in a way that safeguards the identity of individuals.

3.5 The Ombuds keeps no records containing identifying information on behalf of the organization.

3.6 The Ombuds maintains information (e.g., notes, phone messages, appointment calendars) in a secure location and manner, protected from inspection by others (including management), and has a consistent and standard practice for the destruction of such information.

3.7 The Ombuds prepares any data and/ or reports in a manner that protects confidentiality.

3.8 Communications made to the Ombuds are not notice to the organization. The Ombuds neither acts as agent for, nor accepts notice on behalf of, the organization. However, the Ombuds may refer individuals to the appropriate place where formal notice can be made.

**PLAN AND RULES**

**Informality and Other Standards**

4.1 The Ombuds functions on an informal basis by such means as: listening, providing and receiving information, identifying and reframing issues, developing a range of responsible options, and – with permission and at the Ombuds discretion – engaging in informal third-party intervention. When possible, the Ombuds helps people develop new ways to solve problems themselves.

4.2 The Ombuds as an informal and off-the-record resource pursues resolution of concerns and looks into procedural irregularities and/or broader systemic problems when appropriate.

4.3 The Ombuds does not make binding decisions, mandate policies, or formally adjudicate issues for the organization.

4.4 The Ombuds supplements, but does not replace, any formal channels. Use of the Ombuds Office is voluntary, and is not a required step in any grievance process or organizational policy.

4.5 The Ombuds does not participate in any formal investigative or adjudicative procedures. Formal investigations should be conducted by others. When a formal investigation is requested, the Ombuds refers individuals to the appropriate offices or individual.

4.6 The Ombuds identifies trends, issues and concerns about policies and procedures, including potential future issues and concerns, without breaching confidentiality or anonymity, and provides recommendations for responsibly addressing them.

4.7 The Ombuds acts in accordance with the IOA Code of Ethics and Standards of Practice, keeps professionally current by pursuing continuing education, and provides

*26*

Exhibit A-1 Page 28 of 30

**PLAN AND RULES**

opportunities for staff to pursue professional training.

4.8  The Ombuds endeavors to be worthy of the trust placed in the Ombuds Office.

*Reprinted by permission of the International Ombudsman Association*

Exhibit A-1 Page 29 of 30

**PLAN AND RULES**

Este folleto contiene información importante sobre su empleo. Cada empleado debe leerlo y familiarizarse con su contenido. Para obtener una versión de este documento en español, llámenos al 281.575.4500 ó 866.997.3765.

**HALLIBURTON**

H08094   11/14
© 2014 Halliburton

All Rights Reserved

Printed in U.S.A.